UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILMER ANTONIO GOMEZ-RODRIGUEZ<br>*Petitioner*, | : : : : | CIVIL CASE NUMBER<br>3:18-cv-00807 (VLB) |
| v. | : : | MARCH 24, 2020 |
| UNITED STATES OF AMERICA<br>*Respondent.* | : : | |

## MEMORANDUM OF DECISION DENYING
## MOTION FOR RELIEF UNDER 28 U.S.C. § 2255 [ECF NO. 1]

Petitioner Wilmer Antonio Gomez-Rodriguez ("Mr. Gomez-Rodriguez" or "defendant") brings this *pro se* motion for habeas relief under 28 U.S.C. § 2255, asserting a single ground for relief, namely, that Amendment 794 of the Sentencing Guidelines should be employed to give Mr. Gomez-Rodriguez a reduced sentence based on changes to the mitigating role sentencing adjustment. [ECF No. 1].

For the following reasons, Mr. Gomez-Rodriguez's Motion for Minor Role Adjustment and Sentence Reduction is DENIED.

### Background

On October 1, 2014, the Honorable William Garfinkel, United States Magistrate Judge, authorized a criminal complaint charging Mr. Gomez-Rodriguez with conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), and 846. *United States v. Gomez-Rodriguez*, 3:14-mj-00211 (WIG), [ECF No. 1].

On October 9, 2014, a federal grand jury returned an indictment against Mr. Gomez-Rodriguez and two co-conspirators, Omar Andrade and Joel A. Estrella-

Disla. *United States v. Andrade*, 3:14-cr-206, [ECF No. 9]. The indictment charged Mr. Gomez-Rodriguez and his two co-conspirators with one count of conspiracy to distribute and to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), and 846, and one count of possession with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(i). *Id.* Mr. Gomez-Rodriguez's two co-conspirators pled guilty prior to trial. *Id.* [ECF Nos. 67 (Defendant Estrella-Disla), 72 (Defendant Andrade)].

Jury selection was completed on August 31, 2015. *Id.* [ECF No. 81]. Trial commenced on September 8, 2015, *id.* [ECF No. 94], and was completed on the second day, September 10, 2015. *Id.* [ECF No. 95]. The jury's verdict of guilty on both counts was entered that same day, September 10, 2015. *Id.* [ECF No. 96].

On July 26, 2017, the Court imposed sentence on both counts of conviction, sentencing Mr. Gomez-Rodriguez to 87 months' imprisonment, five years' supervised release, and a fine of $15,000 to be paid "if the defendant is not deported or illegally reenters the United States following his deportation." *Id.* [ECF Nos. 169, 179]. Mr. Gomez-Rodriguez did not request, nor did the Court afford him, a mitigating role sentencing reduction under the Sentencing Guidelines. *Id.* [ECF Nos. 121 at 8-9 (PSR Final), 165 (Defendants' Sentencing Memorandum), 173 (Defendants' Supplemental Sentencing Memorandum), 177 (Sentencing Minutes),195 (Sentencing Transcript)].

On August 9, 2017, Mr. Gomez-Rodriguez filed a timely notice of appeal. *Id.* [ECF No. 182]. In his appeal brief, Mr. Gomez-Rodriguez asserted that his

2

"sentence was procedurally unreasonable in that the Court erred in failing to apply a two-level minor role reduction pursuant to U.S.S.G. §3B1.2." Brief of Appellant at 13, *United States v. Gomez-Rodriguez*, No. 17-2475-cr (2d Cir. Aug. 30, 2018). Mr. Gomez-Rodriguez argued that the Ninth Circuit's holding in *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), namely, that Amendment 794 applies retroactively and that the district court in that case should have considered the new factors set forth in the Amendment, supported his position that the Court erred in failing to apply a two-level minor role reduction pursuant to U.S.S.G. §3B1.2, given that he, like the appellant in *Quintero-Leyva*, was only a minor participant in the drug trafficking offenses of which he was convicted.

On May 10, 2018, Mr. Gomez-Rodriguez filed the instant "Motion for Minor Role Adjustment and Sentence Reduction Based on *United-States v. Quintero-Leyva* and Pursuant to Amendment 794 and 28 U.S.C. §2255." *Gomez-Rodriguez v. United States*, 3:18-cv-00807 (VLB), [ECF No. 1 at 1].

On June 4, 2019, the Second Circuit, via Summary Order, affirmed Mr. Gomez-Rodriguez's conviction and sentence, rejecting Mr. Gomez-Rodriguez's arguments regarding the Court's failure to apply a minor role reduction:

> The record amply supports the conclusion that Gomez-Rodriguez played a significant role in the criminal activity—well beyond that of a 'minor participant' under the Sentencing Guidelines. The evidence shows that he knew he was facilitating the distribution of a kilogram of heroin; helped orchestrate the scheme through text messages, phone calls, and a visit to the supplier; served as a trusted associate of the supplier, allowing the deal to go through; and ultimately delivered the heroin to the buyer. The District Court discussed his role in the scheme and reasonably concluded that he had 'very intimate involvement with drug dealers or this particular drug dealer.' We therefore discern no error . . . in the omission of a minor-role

3

>reduction in the District Court's calculation of Gomez-Rodriguez's offense level.

*United States v. Gomez-Rodriguez*, 775 F. App'x 709, 712 (2d Cir. 2019) (quoting Sentencing Hearing Transcript at 42, *United States v. Gomez-Rodriguez*, 3:14-cr-00206-3 (VLB), [ECF No. 195]).

## Legal Standard

Section 2255 enables a prisoner in federal custody to petition a federal court to vacate, set aside, or correct a sentence. 28 U.S.C. § 2255(a). Relief under Section 2255 is generally available to rectify three irregularities, namely, "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." *Graziano v. United States*, 83 F.3d 587, 589-90 (2d Cir. 1996) (quoting *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995)).

The strictness of this standard embodies the recognition that collateral attack upon criminal convictions is "in tension with society's strong interest in [their] finality." *Ciak v. United States*, 59 F.3d 296, 301 (2d Cir. 1995).

"A [petition for habeas relief] may not relitigate issues that were raised and considered on direct appeal." *United States v. Perez*, 129 F.3d 255, 260 (2d Cir. 1997) (declining to review plea withdrawal claim that had already been argued on appeal because petitioner was "rehash[ing] the same arguments here."); *Riascos-Prado v. United States*, 66 F.3d 30, 33 (2d Cir. 1995) ("It is clear that 'section 2255 may not be employed to relitigate questions which were raised and considered on direct appeal.'") (quoting *Cabrera v. United States*, 972 F.2d 23, 25 (2d Cir. 1992)). This "so-called mandate rule bars re-litigation of issues already decided on direct

4

appeal." *Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010). "The mandate rule prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate." *Id.*; *see also United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001).

"It is within the district court's discretion to determine whether a hearing is warranted." *Pham v. United States*, 317 F.3d 178, 184 (2d Cir. 2003) (holding that even where factual issues may exist, Second Circuit precedent permits a "middle road" of deciding disputed facts on the basis of written submissions); *see also Johnson v. Fogg*, 653 F.2d 750, 753 (2d Cir. 1981) (holding that district court was not required to provide a hearing to a *pro se* litigant who did not raise issues sufficient to warrant a hearing).

## Analysis

The Sentencing Guidelines provide for a downward adjustment to the defendant's offense level at sentencing if the defendant's conduct constituted a relatively minor role in a multiple-defendant criminal case. U.S. Sentencing Guidelines Manual § 3B1.2 (2016). Entitled the "Mitigating Role" adjustment, *id.*, this adjustment suggests that, "[b]ased on the defendant's role in the offense," courts can "decrease the offense level" by four levels if the defendant was a "minimal participant in any criminal activity," two levels if the defendant was a "minor participant in any criminal activity," and three levels for conduct falling between these two cases. *Id.* The Sentencing Guidelines define a minimal participant as one who is "plainly among the least culpable of those involved in

5

the conduct of the group," whereas a "minor participant" is defined as one who is "less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." *Id.* cmts. 4, 5.

On November 1, 2015, Amendment 794 to the Sentencing Guidelines became effective. This Amendment did not alter the language of the mitigating role adjustment, nor increase the number of levels reduced under this section, but rather provided a "non-exhaustive list of factors" that courts "should consider" in determining whether a mitigating role adjustment applies. U.S. Sentencing Guidelines Manual, supp. to app. C, Nov. 1, 2012 through Nov. 1, 2015, Amend. 794 at 117. The non-exhaustive list of factors includes:

(i) the degree to which the defendant understood the scope and structure of the criminal activity;

(ii) the degree to which the defendant participated in planning or organizing the criminal activity;

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v) the degree to which the defendant stood to benefit from the criminal activity.

*Id.* at 116.

Mr. Gomez-Rodriguez asserts that he is entitled to resentencing with a two-level decrease in offense level because he was a "minor participant" in the narcotics distribution conspiracy at issue in this case. [ECF No. 1 at 4]. This is so, according to Mr. Gomez-Rodriguez, first because Amendment 794 to the

6

Sentencing Guidelines, which became effective on November 1, 2015, is retroactive, according to *Quintero-Leyva*, and therefore applied at his sentencing. *Id.*

Mr. Gomez-Rodriguez addresses the retroactive nature of Amendment 794 at length in his petition, discussing the nature of Amendment 794 as a "clarifying amendment," the Amendment's resolution of a circuit split, and several other factors that are normally considered when addressing retroactivity, as all pointing to Amendment 794 applying retroactively and thus at his sentencing. *Id.*

Finally, Mr. Gomez-Rodriguez prays for relief: "Petitioner asserts eligibility under §3B1.2's amendment 794 as being not as culpable as the other participants in the criminal activity. Petitioner respectfully asks this Honorable Court to apply the proper reduction and resentence accordingly." [ECF No. 1 at 4].

The Government first notes that Amendment 794 "add[ed] a list of factors a sentencing Court 'should consider,'" implying that they are not mandatory. [ECF No. 5 at 2-3 (quoting Amend. 794 at 117). The Government also notes that Amendment 794 did not lower the applicable Guideline range, it only added the non-exhaustive list of factors courts "should consider." *Id.* at 3 (quoting Amend. 794 at 117).

The Government also contends that Mr. Gomez-Rodriguez's claim that Amendment 794 applies retroactively is incorrect, because *Quintero-Leyva* is inapposite as it was a direct appeal case, not a habeas action, and because other courts have ruled that retroactive application of Amendment 794 in the habeas context is improper. [ECF No. 5 at 3-4 (citing *Quintero-Leyva*, 823 F.3d 519 and

*Riner v. United States*, No. CV 316-093, 2016 U.S. Dist. LEXIS 180665 (S.D. Ga. Nov. 30, 2016) (citing cases))].

The Government next argues that Mr. Gomez-Rodriguez's discussion regarding the retroactivity of Amendment 794 is misplaced because the Amendment was actually in place at the time of Mr. Gomez-Rodriguez's sentencing, given that the Amendment became effective on November 1, 2015, and Mr. Gomez-Rodriguez was sentenced on July 26, 2017. Moreover, notes the Government, the Second Circuit, "[i]n rejecting the defendant's minor role claim, . . . pointed out that the defendant had not sought a role reduction in the district court," and stated that the Court had considered the various factors in sentencing. [ECF No. 5 at 4 (citing *Gomez-Rodriguez*, 775 F. App'x at 712)].

Next, the Government argues that the Second Circuit, unlike the Ninth Circuit, does not require a sentencing court to enumerate all the factors listed in Amendment 794, citing *United States v. Soborski*, 708 F. App'x 6, 12 n.1 (2d Cir. 2017) ("Although a district court would generally do well to consider the factors officially proposed by the Sentencing Commission, the commentary provides that a district court 'should consider' the listed factors, language that we interpret as a recommendation, rather than a mandate."). [ECF No. 5 at 4-5]. The Government states that "[t]here is nothing in the record to suggest that this Court failed to discharge its duty fully and correctly at the time of the sentencing, including giving consideration to Amendment 794." *Id.* at 5.

Finally, the Government cites the mandate rule as a basis for denying Mr. Gomez-Rodriguez's motion, because he raised the same issue on direct appeal,

and the Second Circuit rejected Mr. Gomez-Rodriguez's claim that he was entitled to such a role reduction at sentencing. *Id.* at 5-6 (citing *Gomez-Rodriguez*, 775 F. App'x at 712). The Government argues that the "mandate rule bars re-litigation of issues already decided on direct appeal." *Id.* at 5 (citing *Mui*, 614 F.3d at 53). The Court agrees with the Government.

First, the mandate rule bars the Court from entertaining Mr. Gomez-Rodriguez's motion for role reduction because he "may not relitigate issues that were raised and considered on direct appeal." *Perez*, 129 F.3d at 260 (declining to review plea withdrawal claim that had already been argued on appeal because petitioner was "rehash[ing] the same arguments here."); *Riascos-Prado*, 66 F.3d at 33 ("It is clear that 'section 2255 may not be employed to relitigate questions which were raised and considered on direct appeal.'") (quoting *Cabrera*, 972 F.2d at 25); *Mui*, 614 F.3d at 53 (holding that the "mandate rule bars re-litigation of issues already decided on direct appeal.").

Here, Mr. Gomez-Rodriguez asks the Court to rule on one of the exact same grounds that he raised on direct appeal, namely, that he was entitled to a mitigating role sentencing reduction. But the Second Circuit, via Summary Order, has already convincingly rejected Mr. Gomez-Rodriguez's argument in this regard:

> The record amply supports the conclusion that Gomez-Rodriguez played a significant role in the criminal activity—well beyond that of a 'minor participant' under the Sentencing Guidelines. The evidence shows that he knew he was facilitating the distribution of a kilogram of heroin; helped orchestrate the scheme through text messages, phone calls, and a visit to the supplier; served as a trusted associate of the supplier, allowing the deal to go through; and ultimately delivered the heroin to the buyer. The District Court discussed his

>role in the scheme and reasonably concluded that he had 'very intimate involvement with drug dealers or this particular drug dealer.' . . . We therefore discern no error . . . in the omission of a minor-role reduction in the District Court's calculation of Gomez-Rodriguez's offense level

*Gomez-Rodriguez*, 775 F. App'x at 712. Because of this, the Court may not ignore the Second Circuit's ruling and grant Mr. Gomez-Rodriguez's petition.

Next, even if the mandate rule did not bar the Court from granting Mr. Gomez-Rodriguez's motion, the Court could not do so because "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in complete miscarriage of justice.'" *Graziano*, 83 F.3d at 589-90 (quoting *Bokun*, 73 F.3d at 12).

Mr. Gomez-Rodriguez argues neither constitutional error nor lack of jurisdiction in the Court on sentencing, so he cannot prevail unless "an error of law . . . constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. United States*, No. 3:16-cv-1356 (SRU), 2017 U.S. Dist. LEXIS 191049, at *15 (D. Conn. Nov. 20, 2019) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)); *see also Graziano*, 83 F.3d at 590 (applying "fundamental defect" standard to "claims regarding a sentencing court's error in failing to properly apply the Sentencing Guidelines"). Mr. Gomez-Rodriguez "bears the burden of showing that [the Court's] failure to apply Amendment 794 constituted a 'fundamental defect.'" *Reed*, 2017 U.S. Dist. LEXIS 191049, at *15. This he cannot do for two reasons.

First, "[b]arring extraordinary circumstances, . . . an error in the application of the Sentencing Guidelines cannot be raised in a [Section] 2255 proceeding." *Reed*, 2017 U.S. Dist. LEXIS 191049, at *16 (quoting *United States v. Foote*, 784 F.3d 931, 940 (4th Cir. 2015)). This is because the Sentencing Guidelines are "advisory" and "do not constrain [a court's] discretion," *id.* (quoting *Beckles v. United States*, 137 S. Ct. 886, 894 (2017)), which means that "misapplication of the Sentencing Guidelines generally 'do[es] not amount to a complete miscarriage of justice.'" *Id.* (quoting *Graziano*, 83 F.3d at 590 and citing cases). In sum, "'a fundamental defect or complete miscarriage of justice' cannot occur 'in a situation in which [the defendant] was . . . sentenced under an *advisory* Guidelines scheme.'" *Id.* at *17 (quoting *Foote*, 784 F.3d at 941) (emphasis in original).

Second, even if a discretionary sentence meted out under the advisory Sentencing Guidelines could constitute a fundamental defect constituting a complete miscarriage of justice, Mr. Gomez-Rodriguez has not remotely shown that such a fundamental defect exists here. He does not even argue that the Court made *any* error at sentencing. Rather, he simply asks the Court "to grant relief and apply the minor role adjustment . . . [of] Amendment 794[1] . . . [because

---

[1] Mr. Gomez-Rodriguez's arguments as to the retroactivity of Amendment 794 are irrelevant because Amendment 794, which became effective on November 1, 2015, was in effect when Mr. Gomez-Rodriguez was sentenced on July 26, 2017. "The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced . . . [unless] the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the *ex post facto* clause of the United States Constitution, [in which case] the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed." U.S. Sentencing Guidelines §§ 1B1.11(a), (b)(1).

he was] not as culpable as the other participants in the criminal activity." [ECF No. 1 at 1, 4]. Mr. Gomez-Rodriguez does not explain *how* he was not as culpable as the other participants in the heroin distribution ring of which he was a member. In sum, Mr. Gomez-Rodriguez is asking for a "do-over," which, as should be clear from the caselaw cited above, is not available on collateral attack. *Reed*, 2017 U.S. Dist. LEXIS 191049, at *15 ("The grounds provided [for relief] in section 2255 . . . are narrowly limited, and it has 'long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment.'") (quoting *Addonizio*, 442 U.S. at 185).

Denying Mr. Gomez-Rodriguez's request for a do-over is especially appropriate here because the Court *did* consider the Amendment 794 factors at sentencing, as the Second Circuit found. *Gomez-Rodriguez*, 775 F. App'x at 712. The sentencing hearing transcript makes this clear, as the Court discussed the extent to which Mr. Gomez-Rodriguez texted other participants in the proposed drug buy in an effort to plan and coordinate the event, Sentencing Hearing Transcript at 42, *Gomez Rodriguez*, 3:14-cr-00211, [ECF No. 195]), which implicates the first two Amendment 794 role reduction factors. These factors concern "the degree to which the defendant understood the scope and structure of the criminal activity," and "the degree to which the defendant participated in planning or organizing the criminal activity." Amendment 794 at 116. The Court

---

Here, Amendment 794 "is a clarifying amendment resulting in no change to the substantive law," *Riner*, 2016 U.S. Dist. LEXIS 180665, at *4, so the *ex post facto* clause is not implicated. Because of that, the Court was required to use the Sentencing Guidelines in effect when it sentenced Mr. Gomez-Rodriguez on July 26, 2017, which it did, and which included Amendment 794. Ergo, the retroactive effect of Amendment 794 is irrelevant.

also discussed that the reason Mr. Gomez-Rodriguez engaged in the drug trafficking activity that formed the basis for his conviction was that he was going to be paid for his efforts, Sentencing Hearing Transcript at 16-17, *Gomez Rodriguez*, 3:14-cr-00211, [ECF No. 195]), implicating the final Amendment 794 factor, which is "the degree to which the defendant stood to benefit from the criminal activity." Amendment 794 at 116. The Court was not required to expressly discuss each Amendment 794 factor, because they are only a non-exhaustive list of factors a court "should consider," U.S. Sentencing Guidelines Manual § 3B1.2, as the Second Circuit has held. *Soborski*, 708 F. App'x at 12 n.1 ("Although a district court would generally do well to consider the factors officially proposed by the Sentencing Commission, the commentary provides that a district court 'should consider' the listed factors, language that we interpret as a recommendation, rather than a mandate.").

In sum, the Court, as the Second Circuit found, appropriately considered the Amendment 794 role reduction factors in deciding Mr. Gomez-Rodriguez's sentence. For this reason, and the other reasons set forth above, Mr. Gomez-Rodriguez's Motion for Minor Role Adjustment and Sentence Reduction, [ECF No. 1], is DENIED.

## Conclusion

There is no need for the Court to conduct a hearing on this habeas motion. Although courts generally "look with disfavor on summary rejection of a habeas petition," *United States v. Aiello*, 900 F.2d 528, 534 (2d Cir. 1990) (quotation omitted), the text of § 2255 provides that the Court need not conduct a hearing

where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b) (2014); *see also Aiello*, 900 F.2d at 534 (finding no reversible error in the failure to conduct a hearing where, as here, the district court had presided over the trial and was therefore "intimately familiar with the detailed factual record" and where petition's "allegations were patently meritless."); *see also Johnson v. Fogg*, 653 F.2d at 753 (holding that district court was not required to provide hearing to *pro se* litigant who did not raise issues sufficient to warrant a hearing). Mr. Gomez-Rodriguez is not entitled to relief on his claims. Therefore, this Motion for Minor Role Adjustment and Sentence Reduction pursuant to 28 U.S.C. § 2255 is DENIED. The Court denies a certificate of appealability because jurists of reason would not find this procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000). The Court CERTIFIES under 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith.

IT IS SO ORDERED.

/s/
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: March 24, 2020

14